## FOURTH DEPARTMENT, NOVEMBER, 1932.

ROBERT PROVO, Appellant, *v.* CITY OF SYRACUSE, Respondent.

PER CURIAM. Section 20 of the contract, defining the limitations of the power of the commissioner to make changes in the " dimension * * * of the work," seems to refer to the " work to be done," in completing the project, rather than the completed project itself. And section 86 of the contract seems to provide that the work of extra excavation will be paid for by defendant if " specifically ordered " by the commissioner. And paragraph eleventh of the complaint sufficiently alleges an increase of work in excavating so ordered by the commissioner. Section 83 of

the contract, which provides, in substance, that increased excavation necessary to complete the project shall not be paid for by defendant, seems to refer only to increased excavation not " specifically ordered " by the commissioner. As the whole contract is not made a part of the complaint we have no way of knowng that the commissioner's " specific order " had to find expression in any particular form, and we reach the conclusion that the complaint states a cause of action. All concur. Judgment reversed on the law, with costs, and motion denied, with ten dollars costs.